UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: KAISER COVID-19 VACCINATION
EMPLOYMENT PRACTICES LITIGATION                                    MDL No. 3095


ORDER DENYING TRANSFER


**Before the Panel:** Defendants Kaiser Foundation Hospitals, *et al.*,[1] move under 28 U.S.C. § 1407 to centralize this litigation in the Central District of California or, alternatively, in the District of Oregon. The litigation consists of sixteen actions pending in five districts, as listed on Schedule A. Plaintiffs in the District of Oregon *Kreitel-Klumph* and *Lisa Marshall* actions oppose centralization. The Panel is aware of eleven potentially related actions, pending in seven districts. Plaintiffs in one of those actions, the District of Hawaii *Cruz* action, also oppose centralization. No other parties responded to the motion.

On the basis of the papers filed and the hearing session held, we conclude that Section 1407 centralization is not necessary for the convenience of the parties and witnesses or to further the just and efficient conduct of the litigation. Plaintiffs in these actions are former Kaiser health care workers whose employment was terminated after Kaiser denied their requests to be exempted from its August 2021 COVID-19 vaccination requirement on religious grounds, and they declined to be vaccinated. They assert claims under Title VII, state employment discrimination laws, or both. The actions will involve some common issues of fact relating to Kaiser's COVID-19 vaccine policy and its decision-making process for evaluating religious exemption requests.

On balance, however, we conclude that centralization would provide few efficiencies and would not serve the convenience of the parties or witnesses. Each action will involve the plaintiff-specific question of whether the exemption request was based on a sincerely-held religious belief. Plaintiffs who establish that their objection to the vaccine was based on a sincerely-held religious belief will have to establish that Kaiser could have accommodated their unvaccinated status without undue hardship—a determination that will turn on the individual plaintiff's job duties, among other things. Kaiser states that exemption requests were evaluated

---

[1] Kaiser Foundation Health Plan Inc., Kaiser Foundation Health Plan of the Northwest, Kaiser Foundation Health Plan of Washington, Southern California Permanente Medical Group, and The Permanente Medical Group (collectively, Kaiser).

on a case-by-case basis. Thus, discovery in the actions should focus largely on individual questions of fact.

Similarly, the cases are likely to involve few pretrial motions on cross-cutting issues. All plaintiffs bring individual claims; thus, there is no possibility of inconsistent rulings on class certification. Defendants have filed motions to dismiss in many of the actions, and a motion to dismiss already has been ruled on, and granted in part, in the Northern District of California *Weiss* action, but those motions turn almost entirely on case-specific facts, such as whether plaintiff's action was timely brought, what individual plaintiffs' job duties were, what religious beliefs they proffered in seeking an exemption, and how they responded to Kaiser's follow-up questions regarding their beliefs and prior vaccination history.

Finally, we note that some of the cases are relatively advanced. The District of Maryland *Mbadugha* action was filed over fifteen months ago, in October 2022. The Central District of California *Allbright* action also has been pending for over a year. A joint status report in the *Mbadugha* action states that discovery in that action was largely complete as of August 2023, and the record indicates that discovery in *Allbright* also is underway. Documents of relevance to all plaintiffs' claims may already have been assembled in these actions and can be produced in other cases with little additional effort. Should common pretrial issues arise among certain actions, the involved courts can treat rulings in related cases as persuasive authority, to the extent appropriate.

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

Nathaniel M. Gorton        Matthew F. Kennelly
David C. Norton            Roger T. Benitez
Dale A. Kimball            Madeline Cox Arleo

IN RE: KAISER COVID-19 VACCINATION
EMPLOYMENT PRACTICES LITIGATION  MDL No. 3095

## SCHEDULE A

<u>Central District of California</u>

ALLBRIGHT v. SOUTHERN CALIFORNIA PERMANENTE MEDICAL GROUP
    INC., C.A. No. 5:23−00022

<u>Northern District of California</u>

WEISS v. THE PERMANENTE MEDICAL GROUP, INC., C.A. No. 3:23−03490

<u>District of Maryland</u>

MBADUGHA v. KAISER FOUNDATION HEALTH PLAN OF MID-ATLANTIC
    STATES, INC., C.A. No. 8:22−02712

<u>District of Oregon</u>

KREITEL-KLUMPH v. KAISER FOUNDATION HOSPITALS, ET AL.,
    C.A. No. 3:23−00513
NIEMEYER v. NW PERMANENTE, ET AL., C.A. No. 3:23−00815
BLISS v. KAISER FOUNDATION HOSPITALS, C.A. No. 3:23−00949
BACKSTROM, ET AL. v. KAISER FOUNDATION HOSPITALS,
    C.A. No. 3:23−01291
BOHLMANN, ET AL. v. KAISER FOUNDATION HOSPITALS, ET AL.,
    C.A. No. 3:23−01322
MARSHALL v. KAISER FOUNDATION HEALTH PLAN OF THE NORTHWEST,
    C.A. No. 3:23−01324
DAVIS v. KAISER FOUNDATION HEALTH PLAN OF THE NORTHWEST,
    C.A. No. 3:23−01437
DRONOV, ET AL. v. KAISER FOUNDATION HOSPITALS, C.A. No. 3:23−01496
BULEK v. KAISER FOUNDATION HOSPITALS, C.A. No. 3:23−01585
COURT v. KAISER FOUNDATION HEALTH PLAN, INC., ET AL.,
    C.A. No. 3:23−01669
MARSHALL v. KAISER FOUNDATION HEALTH PLAN OF THE NORTHWEST,
    C.A. No. 3:23−01675

<u>Eastern District of Virginia</u>

TYIEASE v. KAISER PERMANENTE, C.A. No. 1:23−01110

-A2

<u>Western District of Washington</u>

POMMIER v. KAISER FOUNDATION HEALTH PLAN OF WASHINGTON, C.A. No. 2:23−01409